After Remand from the Alabama Supreme Court
The Alabama Supreme Court has affirmed this court's judgment of November 17, 2006, insofar as it held that Perry Williams, Inc., had no duty to provide William Earl Mitchell a lift device to place a motorized scooter on his vehicle and has reversed this court's judgment insofar as it held that Perry Williams had no duty to provide Mitchell a motorized scooter. See Ex parte Mitchell,989 So.2d 1083 (Ala. 2008). In compliance with the Alabama Supreme Court's opinion, that portion of the trial court's judgment requiring Perry Williams to provide Mitchell a motorized scooter is reversed; however, consistent with the opinion of the Alabama Supreme Court, and at that court's express direction, the cause is remanded "for the trial court to conduct further proceedings to determine whether Mitchell is entitled to a scooter, as `other apparatus,' pursuant to the standard set forth" in Ex parte Mitchell,989 So.2d at 1092-93. We further note that "the trial court is free to exercise its discretion and conduct further proceedings, including taking additional evidence, in making its determination." Id.
REVERSED IN PART AND REMANDED.
 THOMPSON, P.J., and BRYAN, THOMAS' and MOORE' JJ.' concur *Page 1094